UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THOMAS SWAN & CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> FINISAR CORP., <br><br> Defendant. | Case No. 2:13-cv-178 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF THOMAS SWAN & CO. LTD.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Thomas Swan & Co. Ltd. ("Thomas Swan"), on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to the acts of others, for its Complaint for patent infringement against Finisar Corp. ("Finisar") hereby avers the following:

**PARTIES**

1.  Plaintiff Thomas Swan is a limited company organized under the laws of the United Kingdom, with its principal place of business at Rotary Way, Consett, County Durham, DH8 7ND, United Kingdom.

2.  Upon information and belief, Defendant Finisar is organized under the laws of Delaware with its principal place of business at 1389 Moffett Park Drive, Sunnyvale, CA 94089, and conducts business in this District, individually and in conjunction with its wholly-owned subsidiaries including those identified herein.

3.  Upon information and belief, Finisar sells infringing wavelength selective switches ("WSS") and optical instrumentation devices in the United States, including within this District,

for example, by shipping the infringing products directly and/or indirectly into this District and through its ecommerce websites www.finisar.com.  In doing so, Finisar has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by customers and end users in the Eastern District of Texas.  Furthermore, Finisar's established distribution network that sells and distributes Finisar's infringing products includes national distributors and resellers located in this District, such as Nu Horizons Electronics Corp.  By shipping into, selling, offering to sell, and/or using products that infringe the patents-in-suit in this District, or by inducing or causing those acts to occur, Finisar has transacted and continues to transact business and perform work and services in this District, has supplied and continues to supply services and things in this District, has caused and continues to cause injury and damages in this District by acts and omissions in this District, and has caused and continues to cause injury and damages in this District by acts or omissions outside of this District while deriving substantial revenue from services or things used or consumed within this District, and will continue to do so unless enjoined by this Court.

4. Furthermore, Finisar maintains significant ties with this District in that it operates a manufacturing and design facility in this District.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

6. This Court has personal jurisdiction over Finisar at least by virtue of Finisar having conducted business in this District and/or having committed one or more acts of infringement in this District.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

8. Thomas Swan was founded in 1926 and, since its founding, has been a pioneer in the chemical materials industry. Beginning in the mid-1990s, Thomas Swan expanded its research and development efforts to the field of optical telecommunications—namely, the use of Liquid Crystal on Silicon ("LCOS") in optical switching devices. In 2000, Thomas Swan's research began focusing on the use of LCOS devices in Wavelength Selective Switches ("WSSs"). As a result of its pioneering research related to the development of LCOS-based optical components, Thomas Swan applied for and was awarded many patents that cover such technology, including United States Patent Nos. 8,335,033; 8,089,683; 7,664,395; and 7,145,710 (the "Thomas Swan Patents"). Thomas Swan is the sole owner of the entire right, title, and interest in the Thomas Swan Patents including the right to recover for past, present, and future infringements and violations thereof.

9. Finisar is a supplier of optical communication components and subsystems. In 2008, Finisar combined with Optium Corporation, which manufactured and sold LCOS-based WSS products. After merging with Optium, Finisar began selling various LCOS-based WSS and optical instrumentation products, becoming the market-share leader in WSS Reconfigurable Optical Add-Drop Multiplexer ("ROADM") components, all of which embody the inventions claimed in the Thomas Swan Patents.

## FIRST CLAIM FOR RELIEF

**(Infringement of United States Patent No. 8,335,033)**

10. Thomas Swan incorporates by reference paragraphs 1 through 9 as if set forth here in full.

11. United States Patent No. 8,335,033 ("the '033 patent"), entitled "Optical Processing," duly and lawfully issued on December 18, 2012, based on an application filed on February 23, 2010.  A true and exact copy of the '033 patent is attached hereto as Exhibit 1.

12. Upon information and belief, Finisar has been and is currently directly infringing one or more claims of the '033 patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its WSS products, products containing them (e.g., ROADMs and ROADM line cards), and WaveShaper products (hereinafter, "Infringing Products").

13. Upon information and belief, upon knowledge of the '033 patent, Finisar is contributing to the infringement of, and/or inducing infringement of the '033 patent by, among other things, knowingly and with intent, actively encouraging its customers such as Alcatel-Lucent, Ericsson, Fujitsu, and Tellabs to use Finisar's Infringing Products in a manner that constitutes direct infringement of one or more claims of the '033 patent.  There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Finisar that do not infringe one or more claims of the '033 patent

14. As a result of Finisar's unlawful infringement of the '033 patent, Thomas Swan has suffered and will continue to suffer damage.  Thomas Swan is entitled to recover from Finisar the damages adequate to compensate for such infringement, which have yet to be determined.

15. Any further manufacturing, sales, offers for sale, uses, or importation by Finisar of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '033 patent or, at the very least, a reckless disregard of Thomas Swan's patent rights.  If Finisar continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following

its notice of the '033 patent claims, Finisar's infringement will be willful and Thomas Swan will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

16. Finisar will continue to infringe the '033 patent unless and until it is enjoined by this Court.

17. Finisar's acts of infringement have caused and will continue to cause irreparable harm to Thomas Swan unless and until enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**(Infringement of United States Patent No. 8,089,683)**

18. Thomas Swan incorporates by reference paragraphs 1 through 17 as if set forth here in full.

19. United States Patent No. 8,089,683 ("the '683 patent"), entitled "Optical Processing," duly and lawfully issued on January 3, 2012, based on an application filed on October 29, 2007. A true and exact copy of the '683 patent is attached hereto as Exhibit 2.

20. Upon information and belief, Finisar has been and is currently directly infringing one or more claims of the '683 patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

21. Upon information and belief, upon knowledge of the '683 patent, Finisar is contributing to the infringement of, and/or inducing infringement of the '683 patent by, among other things, knowingly and with intent, actively encouraging its customers such as Alcatel-Lucent, Ericsson, Fujitsu, and Tellabs to use Finisar's Infringing Products in a manner that constitutes direct infringement of one or more claims of the '683 patent. There are no substantial

uses of the Infringing Products made, used, sold, or offered for sale by Finisar that do not infringe one or more claims of the '683 patent.

22.     As a result of Finisar's unlawful infringement of the '683 patent, Thomas Swan has suffered and will continue to suffer damage.  Thomas Swan is entitled to recover from Finisar the damages adequate to compensate for such infringement, which have yet to be determined.

23.     Any further manufacturing, sales, offers for sale, uses, or importation by Finisar of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '683 patent or, at the very least, a reckless disregard of Thomas Swan's patent rights.  If Finisar continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '683 patent claims, Finisar's infringement will be willful and Thomas Swan will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

24.     Finisar will continue to infringe the '683 patent unless and until it is enjoined by this Court.

25.     Finisar's acts of infringement have caused and will continue to cause irreparable harm to Thomas Swan unless and until enjoined by this Court.

### THIRD CLAIM FOR RELIEF

**(Infringement of United States Patent No. 7,664,395)**

26.     Thomas Swan incorporates by reference paragraphs 1 through 25 as if set forth here in full.

27. United States Patent No. 7,664,395 ("the '395 patent"), entitled "Optical Processing," duly and lawfully issued on February 16, 2010, based on an application filed on September 1, 2006. A true and exact copy of the '395 patent is attached hereto as Exhibit 3.

28. Upon information and belief, Finisar has been and is currently directly infringing one or more claims of the '395 patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

29. Upon information and belief, upon knowledge of the '395 patent, Finisar is contributing to the infringement of, and/or inducing infringement of the '395 patent by, among other things, knowingly and with intent, actively encouraging its customers such as Alcatel-Lucent, Ericsson, Fujitsu, and Tellabs to use Finisar's Infringing Products in a manner that constitutes direct infringement of one or more claims of the '395 patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Finisar that do not infringe one or more claims of the '395 patent.

30. As a result of Finisar's unlawful infringement of the '395 patent, Thomas Swan has suffered and will continue to suffer damage. Thomas Swan is entitled to recover from Finisar the damages adequate to compensate for such infringement, which have yet to be determined.

31. Any further manufacturing, sales, offers for sale, uses, or importation by Finisar of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '395 patent or, at the very least, a reckless disregard of Thomas Swan's patent rights. If Finisar continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '395 patent claims, Finisar's infringement will be willful and Thomas Swan will

be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

32. Finisar will continue to infringe the '395 patent unless and until it is enjoined by this Court.

33. Finisar's acts of infringement have caused and will continue to cause irreparable harm to Thomas Swan unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### (Infringement of United States Patent No. 7,145,710)

34. Thomas Swan incorporates by reference paragraphs 1 through 33 as if set forth here in full.

35. United States Patent No. 7,145,710 ("the '710 patent"), entitled "Optical Processing," issued duly and lawfully on December 5, 2006, based on an application filed on September 2, 2002. A true and exact copy of the '710 patent is attached hereto as Exhibit 4.

36. Upon information and belief, Finisar has been and is currently directly infringing one or more claims of the '710 patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

37. Upon information and belief, upon knowledge of the '710 patent, Finisar is contributing to the infringement of, and/or inducing infringement of the '710 patent by, among other things, knowingly and with intent, actively encouraging its customers such as Alcatel-Lucent, Ericsson, Fujitsu, and Tellabs, to use Finisar's Infringing Products in a manner that constitutes direct infringement of one or more claims of the '710 patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Finisar that do not infringe one or more claims of the '710 patent.

38. As a result of Finisar's unlawful infringement of the '710 patent, Thomas Swan has suffered and will continue to suffer damage. Thomas Swan is entitled to recover from Finisar the damages adequate to compensate for such infringement, which have yet to be determined.

39. Any further manufacturing, sales, offers for sale, uses, or importation by Finisar of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '710 patent or, at the very least, a reckless disregard of Thomas Swan's patent rights. If Finisar continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '710 patent claims, Finisar's infringement will be willful and Thomas Swan will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

40. Finisar will continue to infringe the '710 patent unless and until it is enjoined by this Court.

41. Finisar's acts of infringement have caused and will continue to cause irreparable harm to Thomas Swan unless and until enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Thomas Swan prays for a Judgment in favor of Thomas Swan and against Finisar as follows:

1. That Finisar has directly infringed the '033, '683, '395, and '710 patents;

2. That Finisar has contributed to the infringement of the '033, '683, '395, and '710 patents;

3. That Finisar has induced infringement of the '033, '683, '395, and '710 patents;

4.     That Finisar's infringement of the '033, '683, '395, and '710 patents following notice of this complaint is willful;

5.     That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Finisar;

6.     An order permanently enjoining Finisar and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '033, '683, '395, and '710 patents;

7.     A full accounting for and an award of damages to Thomas Swan for Finisar's infringement of the '033, '683, '395, and '710 patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

8.     An award of Thomas Swan's reasonable attorneys' fees, expenses, and costs; and

9.     A grant of such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Thomas Swan hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated:  February 26, 2013          FISH & RICHARDSON P.C.

By:   /s/ Lauren A. Degnan
       Ruffin B. Cordell
       State Bar No. 04820550
       Lead Counsel
       Lauren A. Degnan
       District of Columbia Bar No. 452421
       Michael C. Tyler
       State Bar No. 24051454
       FISH & RICHARDSON P.C.

1425 K Street NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
Email: cordell@fr.com
Email: degnan@fr.com
Email: tyler@fr.com

Christopher G. Smith
State Bar No. 24061287
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091
Email: cgs@fr.com

**Counsel for Plaintiff
Thomas Swan & Co. Ltd**.