**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| THOMAS SWAN & CO. LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:13-cv-178-JRG |
| | § | |
| FINISAR CORPORATION & FUJITSU | § | |
| NETWORK COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER DENYING WIHTOUT PREJUDICE DEFENDANTS'**
**MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS**

Before the Court is the Motion to Limit the Number of Asserted Claims filed by Defendant Finisar Corporation ("Finisar") and joined by Defendant Fujitsu Network Communication, INC. ("Fujitsu") (collectively, "Defendants").  (Dkt. No. 72, 93).  Defendants' motion sought an order from the Court requiring Plaintiff Thomas Swan & Co. Ltd. ("Plaintiff") to limit its asserted claims to no more than ten claims per patent, and no more than thirty-two total claims.  (Dkt. No. 72, at 2).  In return, Defendants offered to limit the prior art references they would assert at trial.  (Dkt. No. 72, at 13).  Defendants' further requested that the Court set a deadline of January 5, 2014 for the initial limitation of asserted Claims.  (Dkt. No. 72, at 2).

Plaintiff does not dispute the need to streamline the case through the limitation of asserted claims and prior art references.  (Dkt. No. 81, at 5).  However, Plainitff objects to Defendants' timeline as premature, and suggests instead a series of steps to streamline the case, including: (1) Defendants' identification of "representative groups of accused products"; (2) Plaintiff's initial election of no more than fifty asserted claims; (3) Defendants' initial election of

no more than sixty-two prior art references; (4) Plaintiff's final election of no more than twenty-five claims; and, (5) Defendants' final election of no more than thirty prior art references.  (Dkt. No. 81, at 5).  Having considered the motion and the parties' briefing, the Court is persuaded that although the more than one hundred currently-asserted claims would be unmanageable at the expert-report stage of this case or at trial, Defendants' efforts to narrow the asserted claims and prior art references are premature.

The Court is further persuaded that the *Markman* process acts to naturally winnow parties' disputes, and as such, requests to limit claims and/or prior art references are generally more appropriate during or following the submission of the Parties' claims construction briefing. In this case, a review of the parties' Joint Claim Construction and Prehearing Statement (Dkt. No. 119) reveals that the parties dispute construction of twenty-six claim terms.  While not a small number, twenty-six disputed claim terms represent a manageable task for the parties and the Court.  The Court commends the parties on their joint effort to narrow their disputes without Court intervention, and encourages them to continue in that effort.

Accordingly, Defendants' motion is **DENIED WITHOUT PREJUDICE** to Defendants' re-urging the issue after the parties have completed claim construction briefing.  To that end, the parties are further **ORDERED** to meet and confer following their submission of P.R. 4-5(c) claim construction briefing in order to: (1) narrow the number of asserted claims to a reasonable number; and (2) narrow the number of prior art references to a reasonable number.

**So Ordered and Signed on this**

**Apr 10, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE